## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL § <br> ASSOCIATION, AS TRUSTEE FOR § <br> WELLS FARGO HOME EQUITY ASSET- § <br> BACKED SECURITIES 2006-3 TRUST, § <br> HOME EQUITY ASSET-BACKED § <br> CERTIFICATES, SERIES 2006-3, § <br>     *Plaintiff*, § <br> § <br> **v.** § <br> § <br> **CRISTYN D. ERICKSON AND** § <br> **WAYNE A. ERICKSON,** § <br> § <br>     *Defendants*. § | Civil Action No. 1:17-cv-429 |

### PLAINTIFF'S ORIGINAL COMPLAINT

HSBC Bank USA, National Association, as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2006-3 Trust, Home Equity Asset-Backed Certificates, Series 2006-3 (hereinafter "HSBC Bank"), Plaintiff, files this suit complaining of Cristyn D. Erickson and Wayne A. Erickson and states as follows:

### I.  Parties

1.  Plaintiff HSBC Bank, is a national banking association and trustee of a trust.

2.  Defendant Cristyn D. Erickson is an obligor of a Texas Home Equity Note and a citizen of the State of Texas.  She can be served with process at 7000 Settlers Trail, Dripping Springs, Texas 78620, or at such other place as she may be found.  Summons is requested.

3.  Defendant Wayne A. Erickson an obligor of a Texas Home Equity Note and a citizen of the State of Texas.  He can be served with citation at 7000 Settlers Trail, Dripping Springs, Texas 78620, or at such other place as she may be found.  Summons is requested.

## II.     Subject Property of this Lawsuit

4.      This proceeding concerns a home equity loan agreement, as the term "loan agreement" is generally defined under TEX. BUS. & COM. CODE § 26.02, created according to TEX. CONST. art. XVI, § 50(a)(6) secured by real property and improvements commonly known as 7000 Settlers Trail, Dripping Springs, Texas 78620 (hereinafter the "Property") and is more particularly described as:

> 9.75 ACRES (424.706 SQ. FT.) BEING ALL OF TRACTS 7 & 8, SAVE & EXCEPT 0.27 ACRE (11,761 SQ. FT.) PORTION OUT OF TRACT 8 SETTLERS POINT PHASE 1, VOLUME 8, PAGE 125, H.C.P.R. HAYS COUNTY, TEXAS.
>
> SAVE AND EXCEPT BEING MORE PARTICULARLY DESCRIBED AS:
>
> BEING A TRACT OR PARCEL OF LAND CONTAINING 0.27 ACRE OR 11,782 SQ. FT. OUT OF TRACT 8, OF SETTLERS POINT, PHASE 1, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 8, PAGE 125, H.C.P.R. SAID 0.27 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:
>
> BEGINNING AT A 1/2" IRON ROD FOUND MARKING THE NORTHWEST CORNER OF TRACT 8, OF SAID SETTLERS POINT, SAME BEING AN EXTERIOR CORNER OF SAID SETTLERS POINT, ALSO BEING THE SOUTHWEST CORNER OF THE HUTTO TRACT, CALLED 65.81 ACRES, AS DESCRIBED IN VOLUME 1309, PAGE 112, H.C.O.R. LYING IN THE EAST LINE OF THE WALKER, ET AL TRACT, CALLED 1298.22 ACRES, AS DESCRIBED IN VOLUME 1675, PAGE 734, H.C.O.R.;
>
> THENCE SOUTH 79 DEG. 09' 21" EAST, ALONG THE NORTH LINE OF SAID TRACT 8, SAME BEING THE NORTH LINE OF SAID SETTLERS POINT, ALSO BEING THE SOUTH LINE OF SAID HUTTO TRACT, A DISTANCE OF 215.04 TO A 3/8" IRON ROD FOUND MARKING THE NORTHEAST CORNER OF SAID TRACT 8, SAME BEING THE NORTHWEST CORNER OF TRACT 7, OF SAID SETTLERS POINT;
>
> THENCE SOUTH 54 DEG. 00' 32" WEST, THROUGH SAID TRACT 8, A DISTANCE OF 258.54' TO A CAPPED 1/2" IRON ROD SET IN THE WEST LINE OF SAID TRACT 8, SAME BEING THE EAST LINE OF SAID WALKER, ET AL TRACT;
>
> THENCE NORTH 00 DEG. 59' 40" WEST, ALONG THE WEST LINE OF SAID TRACT 8, SAME BEING THE EAST LINE OF SAID WALKER, ET AL TRACT, A DISTANCE OF 111.06' TO THE PLACE OF BEGINNING AND CONTAINING 0.27 ACRE (11,761 SQUARE FEET OF LAND).

### III.   Jurisdiction and Venue

5.    The Court has jurisdiction over the controversy because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §1332.

6.    Plaintiff is a national association and trustee of a trust. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is determined by the citizenship of its trustee. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.,* 670 F.Supp. 2d 555, 561 (N.D. Tex. 2009); *Coury v. Prot.,* 85 F.3d 244, 248-49 (5th Cir. 1996). A national bank is a citizen of the state in which its main office is located, as set forth in its articles of association. 28 U.S.C. § 1348(c); *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307 (2006). Under its articles of association, HSBC's main office is located in Virginia. Therefore, HSBC is a citizen of Virginia for diversity purposes. *Id.*

7.    Defendants are individuals and citizens of the State of Texas.

8.    In this lawsuit, HSBC seeks to foreclose on a Texas home equity lien with an outstanding amount owed greater than $75,000.00.  Pursuant to the records of the Hays County Central Appraisal District (http://www.hayscad.com) online, the Property is valued at $814,530.00.[1]  Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

9.    Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because this lawsuit concerns title to real property located in Hays County, Texas. *See* 28 USC §124(d)(1), 1391(b)(2).

---

[1] *See* Hays County Central Appraisal District property data attached hereto as Exhibit 1.

**Plaintiff's Original Complaint**                                                                                                              **Page 3**
BDFTE #6715106/ H610-1713

## IV.     Factual Background

10.     On or about October 11, 2006, Cristyn D. Erickson and Wayne A. Erickson (hereinafter "Defendants" or "Obligors") executed a Texas Home Equity Note (hereinafter "Note") in the principal sum of $850,000.00, with interest at the rate of 8.1250 percent per annum.[2]

11.     Defendants executed a Texas Home Equity Security Instrument (hereinafter "Deed of Trust") (collectively the "Loan Agreement") encumbering the Property as security for payment of the Note.[3]  Plaintiff is the holder of the Note and beneficiary of the Deed of Trust pursuant to a corrective assignment effective November 5, 2008 and recorded in the Hays County real property records under Instrument No. ASSG20080169807793.[4]

12.     Defendants materially breached and have failed to cure their respective Loan Agreement obligation by failing to pay scheduled monthly payments. The amount to cure the default as of May 3, 2017 is at least $874,876.36. The payoff, as that term is generally described in Tex. Prop. Code § 12.017(5), of the Loan Agreement obligation as of May 26, 2017 is at least $1,625,220.07.  Prior to the filing of this petition, the requisite notice or notices to cure the default were mailed to each Obligor as required by the Texas Property Code and the Loan agreement.[5] The opportunity to cure has expired.

13.     Defendants failed to cure the default, and Plaintiff initially accelerated the debt by Notice of Acceleration dated August 21, 2012.[6]  However, the August 21, 2012 acceleration was rescinded via a notice of rescission of acceleration mailed to the Obligors on June 16, 2016 via certified mail.[7] The debt was re-accelerated on September 26, 2016 with the filing of HSBC's

---

[2] *See* "Note" attached hereto as Exhibit 2.
[3] *See* "Home Equity Security instrument" attached hereto as Exhibit 3.
[4] *See* "Assignment" attached hereto as Exhibit 4.
[5] *See* "Notices of Default" attached hereto as Exhibit 5.
[6] *See* "2012 Notice of Acceleration" attached hereto as Exhibit 6.
[7] *See* "Rescission of Acceleration" attached hereto as Exhibit 7.

736 application to foreclose.[8]  *See Burney v. Citigroup Global Markets Realty, Corp.*, 244 S.W.3d 900, 903 (Tex. App.—Dallas 2008); *see also Alcala v. Deutsche Bank National Trust Company,* No. 16-20609, 2017 WL 1279227 *2 (5th Cir. Apr. 6, 2017).

14. The Loan Agreement obligation evidenced by the Note and Deed of Trust is due, owing, and payable and all conditions precedent under Tex. Prop. Code Chapter 51 and Tex. R. Civ. P. 54 have been accomplished.

## V. Conditions Precedent

15. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract or lien sought to be foreclosure has been performed.

## VI. Causes of Action

### A. Breach of Contract

16. The foregoing paragraphs are incorporated herein by reference for all purposes.

17. On or about October 11, 2006, Defendants entered into a binding contract with Wells Fargo Bank, N.A. ("Wells Fargo") in the form of a Note and Deed of Trust.[9] Plaintiff, as beneficiary through assignment, asserts a cause of action for breach of contract for default in that Loan Agreement.

18. HSBC Bank is the successor to Wells Fargo in its role as the "Lender" under that Loan Agreement pursuant to a Corrective Assignment of Deed of Trust.[10] HSBC Bank is the holder of the Note, the assignee of rights under the Deed of Trust, and the Mortgagee as that term is defined by Tex. Prop. Code §51.0001(4).

---

[8] *See* "2016 Rule 736 Application for Foreclosure" attached hereto as Exhibit 8.
[9] *See* Exhibits 2 and 3.
[10] *See* Exhibit 4.

19. The Property serves as security for Defendants' indebtedness is located at 7000 Settlers Trail, Dripping Springs, Texas 78620, and is more precisely described in Section III above.

20. Under the terms of the Note, Defendants are obligated to pay the loan amount as prescribed in the Note and Deed of Trust.

21. Wells Fargo performed completely under the terms of the Loan Agreement when it funded the loan that Defendants promised to repay when they signed the Loan Agreement. By virtue of Wells Fargo's performance, HSBC Bank performed under the terms of the Loan Agreement.

22. Defendants breached the terms of the Loan Agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement. Payments under the Loan Agreement are contractually due for the August 1, 2008 payment and subsequent payments. The original principal balance of the Note to be paid to Wells Fargo was $850,000.00. The amount required to pay off the Note as of April 30, 2017 is $1,625,220.07 with interest and allowable fees continuing to accrue.

23. The requisite notice to cure the default was mailed to Defendants as required under applicable law and the terms of the Loan Agreement, and the opportunity to cure has expired.

24. All other actions required by law or the terms of the Loan Agreement requisite for HSBC Bank to foreclose under the Deed of Trust have been performed.

**B.    Foreclosure of the Lien**

25. The foregoing paragraphs are incorporated herein by reference for all purposes.

26. Plaintiff is the current holder of the Note and mortgagee of record and asserts a cause of action for judicial foreclosure against Defendants. Plaintiff seeks an order allowing it to

proceed with foreclosure of its lien against the Property. No personal liability is sought against the Defendants.

27. The Note was made to refinance a debt against the Property or obtain cash out at closing. Defendants executed and delivered the Deed of Trust conveying the Property in trust as collateral to secure payment and performance of the separate obligations created under the terms and conditions of the Loan Agreement.

28. Plaintiff seeks to foreclose the Property encumbered by the Deed of Trust in accordance with the terms of the Deed of Trust. Defendants and all persons taking an interest in the encumbered Property should be divested of all right, title and interest in the Property after the foreclosure sale.

29. After foreclosure of the Property, Plaintiff requests the Court issue a writ of possession and Defendants and anyone taking an interest under Defendants should be dispossessed of the Property.

**C.    Damages.**

30. Based on Defendants' breach of their respective obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least $1,625,220.07 and is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

31. The Loan Agreement is a non-recourse debt pursuant to TEX. CONST. art. XVI § 50(a)(6). However, fees, costs and interest can be added to the total debt and collected at the time of foreclosure of the Property pursuant to the terms of the Deed of Trust. Since this Loan Agreement is non-recourse, Plaintiff seeks no personal liability against Defendants. Plaintiff seeks only a judgment against Defendants for an *in rem* interest in the Property.

**D.    Attorney's Fees**

32.    As a result of the breach of Defendants' obligation under the Loan Agreement, Plaintiff has been required to retain the undersigned legal counsel to institute and prosecute this action.

33.    Under the terms of the Note and Deed of Trust, Defendants agreed to pay all reasonable attorney's fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust, to include any appeal to U.S. Court of Appeals for the Fifth Circuit or an appeal to the U.S. Supreme Court. Pursuant to the terms of the Deed of Trust, Plaintiff is entitled to recover its reasonable attorney's fees for the services rendered in instituting and prosecuting this action.

## VII.    Prayer

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that Plaintiff have judgment against Defendants, jointly and severally as applicable, for:

a.   A judgment authorizing Plaintiff, its successors or assigns, to foreclose its lien pursuant to the power of sale contained in the Deed of Trust or alternatively, by judicial foreclosure;

b.   Judgment for damages for the unpaid amounts owing to Mortgagee as evidenced by the Note and Deed of Trust;

c.   Pre-judgment interest as provided by law, attorneys' fees, and costs of court;

d.   Post-judgment interest on the judgment from its date until paid;

e.   Attorneys' fees and costs of suit; and

f.   Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HOPKINS LAW, PLLC**

By: */s/ Mark D. Hopkins*
Mark D. Hopkins
State Bar No. 00793975
Shelley L. Hopkins
State Bar No. 24036497
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
(512) 600-4326 Fax
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

By: */s/Crystal G. Roach*
Crystal G. Roach
State Bar No. 24027322
4004 Belt Line Road, Suite 100
Addison, Texas 75001
972-386-5040/ 800-795-5040
972-341-0734 (Fax)
CrystalR@bdfgroup.com

**ATTORNEYS FOR PLAINTIFF**