IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO HOME EQUITY ASSET-BACKED SECURITIES 2006-3 TRUST, HOME EQUITY ASSET-BACKED CERTIFICATES, SERIES 2006-3;<br>    Plaintiff,<br><br>-vs-<br><br>CRISTYN D. ERICKSON, WAYNE A. ERICKSON,<br>    Defendants. | CAUSE NO.:<br>A-17-CV-00429-SS |

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff HSBC Bank USA, National Association, as Trustee For Wells Fargo Home Equity Asset-Backed Securities 2006-3 Trust, Home Equity Asset-Backed Certificates, Series 2006-3 (HSBC)'s Motion for Summary Judgment [#17], Defendants Cristyn D. Erickson and Wayne A. Erickson Response [#18] in opposition, and HSBC's Reply [#19] thereto. Having considered the case file and the applicable law, the Court enters the following opinion and orders.

## Background

This case relates to a home equity loan the Ericksons took out on their real property located at 7000 Settlers Trail, Dripping Springs, Texas 78620 on October 11, 2006. Compl. [#1] at 2–3. The Ericksons borrowed $850,000 from Wells Fargo Bank, N.A. (Wells Fargo), pledging the property as security for payment of the loan. *See* Compl. [#1-2] Ex. 2 (Note); Compl. [#1-3] Ex. 3 (Security Instrument). HSBC was assigned the Note by a corrective



assignment effective November 5, 2008 and recorded in the Hays County real property records under Instrument No. ASSG2008016980779. *See* Compl. [#1-4] Ex. 4 (Assignment).

The Ericksons eventually defaulted. Wells Fargo, acting as mortgage servicer, sent a Notice of Default and Intent to Accelerate to the Ericksons on July 18, 2012. *See* Compl. [#1-5] Ex. 5 (Notice of Default and Intent to Accelerate). A Notice of Acceleration followed on August 21, 2012. Compl. [#1] at 4. Acting through counsel, Wells Fargo initiated foreclosure proceedings on October 22, 2012. The Ericksons contested the foreclosure proceeding and filed a lawsuit on March 4, 2013. *See Erickson et al v. Wells Fargo Bank, N.A. et al,* 1:13-CV-00236-SS. This Court granted Wells Fargo's motion for summary judgment and dismissed the Ericksons' earlier lawsuit on January 23, 2014.

On June 16, 2016, HSBC notified the Ericksons that it had rescinded the prior acceleration of the Loan. *See* Compl. [#1-6] Ex. 6 (Rescission Notice). Shortly thereafter, on September 26, 2016, HSBC re-accelerated the Loan by filing an application for expedited order authorizing foreclosure under Rule 736 of the Texas Rules of Civil Procedure. *See* Compl. [#1-8] Ex. 8 (Foreclosure Application).

HSBC filed this lawsuit on May 8, 2017 seeking a judgment authorizing foreclose of the Ericksons' property. HSBC's complaint includes claims for breach of contract and foreclosure of the lien. *See* Compl. [#1] at ¶¶ 16–33. The Ericksons assert a counterclaim for trespass to try title and also request a declaratory judgment that HSBC's lien is invalid. *See* Answer and Countcl. [#9] at 5. HSBC has moved for summary judgment on its foreclosure claim and the Ericksons' counterclaims. *See* Mot. Summ. J. [#17]. The motion is now ripe for consideration.

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers*

3

*Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

As indicated above, HSBC has moved for summary judgment on its foreclosure claim and the Ericksons' counterclaims. The Court will address each in turn.

### A. Judicial foreclosure

A court may order judicial foreclosure upon proof of debt and fixing the lien. *Maldonado v. CitiMortgage, Inc.*, 676 Fed. Appx. 282, 284 (5th Cir. 2017) (citing *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ)). The party seeking such a remedy must "prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien." *Id.*

HSBC has presented evidence that it is entitled to judicial foreclosure. The Ericksons signed the Security Instrument and Note for the loan from Wells Fargo. Wells Fargo assigned the loan to HSBC. The Security Instrument and Note reflect Ericksons' loan obligations and lien on their property secured by the loan. There is no dispute the Ericksons defaulted on the loan or

4

that the property HSBC seeks to foreclose on is the same property in the lien. Accordingly, HSBC is entitled to judicial foreclosure as a matter of law.

The Ericksons do not dispute the facts above, but instead argue HSBC's claim for judicial foreclosure is barred by the statute of limitations. Specifically, the Ericksons contend HSBC's cause of action accrued on October 22, 2012, when HSBC initiated foreclosure proceedings in state court. Resp. [#18] at 5. According to the Ericksons, HSBC's unilateral abandonment of the acceleration in 2016 was ineffective because the Ericksons detrimentally relied on the earlier acceleration. *Id.* at 4–6. Because more than four years have passed since October 22, 2012, the Ericksons argue HSBC's claim for judicial foreclosure is barred. *Id.* at 7.

The Ericksons' limitation arguments are unavailing. A lender may rescind an earlier acceleration of a loan as a matter of right with written notice sent by first class or certified mail. *See* TEX. CIV. PRAC. & REM. CODE § 16.038. HSBC rescinded its earlier acceleration by written notice on June 16, 2016 sent by certified mail. *See* Rescission Notice; *See* Resp. [#18] at 3 (acknowledging receipt of the same). The "detrimental reliance exception" relied upon by the Ericksons has a tenuous legal foundation as no Texas "court has ruled in favor of a plaintiff on the basis of the detrimental reliance exception." *See Jatera Corp. v. U.S. Bank Nat'l Assoc.*, 3:16-CV-0242-K, 2017 WL 3917674, at *5 (N.D. Tex. Sept. 7, 2017). The Court questions the applicability of this equitable exception in light of the recent enactment of § 16.038 which explicitly permits unilateral rescission of acceleration.

Nonetheless, detrimental reliance is not applicable to this case. In order to show detrimental reliance, a party must show that he materially changed his position in reliance on another party's promise or representation. *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 418 (5th Cir. 2016) (quotations and citations omitted). The Ericksons contend

5

they materially changed their position by building a second home, and obtaining permits and refinancing for the same. Resp. [#18] at 6 (referencing declaration of Wayne Erickson). However, as the name implies, detrimental reliance requires reliance to a detriment. *Cf. English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983) (listing the requisites of promissory estoppel, the doctrine on which the detrimental reliance exception is based, as requiring "substantial reliance by the promisee to his detriment"). The Court does not understand (nor do the Ericksons explain) how expenditures on a second home constitutes detrimental reliance. In this case, a second home improves the Ericksons' position by providing alternative shelter after HSBC's foreclosure is complete. Thus, Ericksons have failed to offer a reason HSBC is not entitled to judicial foreclosure.

### B. Counterclaims

HSBC has also moved for summary judgment on the Ericksons' counterclaims. Mot. Summ. J. [#17] at 6–8. The Court considers HSBC's motion for summary judgment on these counterclaims as unopposed since the Ericksons have offered no arguments in response. Summary judgement is also appropriate because no evidence has been offered in support these counterclaims. For instance, the Ericksons rely exclusively on conclusory assertions that "Defendants own and claim a superior title to the property" and "Plaintiff's lien is invalid." *See* Answer and Countcl. [#9] at 5. "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The Ericksons' request for declaratory judgment fails because they have no underlying and viable cause of action. *See Hockessin Holdings, Inc v. Ocwen Loan Servicing, L.L.C.*, 5:15-CV-1103-DAE, 2016 WL 247727, at *5 (W.D. Tex. Jan. 19, 2016) ("Accordingly, to invoke relief under the

Federal Declaratory Judgment Act a plaintiff must have an underlying and viable cause of action").

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff HSBC Bank USA, National Association's Motion for Summary Judgment [#17] is GRANTED.

SIGNED this the 28th day of February 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE